Larry M. Haag County Attorney Citrus County
QUESTION:
May a county create a dependent special district to provide children's services within the district, the governing body of which is composed of the board of county commissioners and members of the governing bodies of several municipalities within the county?
SUMMARY:
Pursuant to s. 125.01(5), F.S., a county may create a special district to provide children's services within the unincorporated and incorporated areas of the county, provided the governing bodies of the incorporated areas approve, and fund such services through ad valorem taxes, approved by vote of the electors. The governing body of the district may be composed of either the board of county commissioners or the board of county commissioners and members of the governing bodies of the municipalities included within such district.
You state that the Board of County Commissioners of Citrus County would like to create a dependent special district to provide children's services. The board of county commissioners, however, is "reluctant to turn over budgetary powers to a board which is made up of non-elected officials." The board of county commissioners would prefer to have the county commission, or the county commission and members of the governing body of two municipalities within the county, serve as the district's governing body.
This office has been subsequently advised that such a district would be funded from ad valorem taxes, approved by vote of the electors.
In 1986, the Florida Legislature enacted s. 125.901, F.S., which authorizes a county to create an independent special taxing district to provide services to children. Section 125.901(1)(a), F.S., prescribes that the composition of the governing body of such a district shall consist of ten members, including
 the superintendent of schools; a local school board member; the district administrator from the appropriate district of the Department of Health and Rehabilitative Services, or his designee . . .; one member of the county governing body; and the judge assigned to juvenile cases who shall sit as a voting member of the board, except that said judge shall not vote or participate in the setting of ad valorem taxes under this section. . . . The remaining five members shall be appointed by the Governor . . . .
The independent special district is authorized to levy ad valorem taxes on all taxable property in the county in an amount not to exceed one-half mill, upon approval by the electorate.
In 1990, the Legislature amended s. 125.901, F.S.[1]
While the procedure to create an independent special taxing district was not changed, the statute was amended to provide for the creation of a dependent special district. As amended, s.125.901(7), F.S., states:
Each county may by ordinance create a dependent special district within the boundaries of the county for the purpose of providing preventive, developmental, treatment, and rehabilitative services for children. The district is authorized to seek grants fromstate, federal, and local agencies and to accept donations frompublic and private sources, provided that the district complieswith the provisions of paragraphs (1)(a) and (2)(b), and provided that the district has a budget that requires approval through an affirmative vote of the governing body of the county or may be vetoed by the governing body of the county.[2]
(e.s.)
An examination of the legislative history surrounding the enactment of this language indicates that the purpose of the amendment was to create
a new option for those counties which are unable to obtain voter approval for a tax increase or which would prefer to fund a children's services council . . . by means other than through ad valorem taxes. The governing body of a county would be authorized to create, by ordinance, a children's services council that is funded by sources that include but are not limited to general revenue funds, private donations, and state, local and federal grant programs. These councils will not have taxing authority.[3]
(e.s.)
Section 125.901, F.S., thus, authorizes the creation of an independent special taxing district by the county. In addition, the statute authorizes a county, which is unable or unwilling to fund a district through ad valorem taxes, to create a dependent special district funded by general revenue funds. If the dependent district complies with s. 125.901(1)(a) and (2)(b), F.S., it may also be funded by grants from state, federal and local agencies and donations from public or private sources.
Your inquiry, however, concerns the creation of a special dependent district which would be funded from ad valorem taxes and whose governing body would be the county commission or the county commission with members of the governing bodies of several municipalities. Such a district, funded by ad valorem taxes and not in compliance with s. 125.901(1)(a), F.S., is not within the contemplation of s. 125.901(7), F.S.
Section 125.901(1)(b), F.S., however, states:
Nothing in this subsection [providing for the creation of an independent special district and the composition of its governing body] shall prohibit a county from exercising such power as is provided by general or special law to provide children's services or to create a special district to provide such services.
Section 125.01(5)(a), F.S., authorizes a county commission to establish a special district to provide municipal services and facilities from ad valorem taxes, service charges, or special assessments. Such a district is to include both the incorporated and unincorporated areas of the county, subject to the approval of the governing bodies of the incorporated areas affected.[4]
The governing body of the district "shall be composed of county commissioners and may include elected officials of the governing body of an incorporated area included in the boundaries of the special district."[5] Subject to approval by vote of the electors, the district may levy ad valorem taxes to fund the provision of such services.[6]
"Municipal services" is not defined for purposes of s. 125.01(5), F.S. However, the provision of children's services would not appear to be limited to a county only but also constitute a municipal function.[7] Moreover, as noted above, the amendment to s. 125.901, F.S., in 1990 which authorized the creation of dependent districts, appears to have been an effort by the Legislature to assist those counties desiring to provide children's services but unable to obtain voter approval for the imposition of ad valorem taxes to fund such services.
Therefore, I am of the opinion, in the absence of legislative or judicial clarification, that a county may create a special district, funded by ad valorem taxes upon approval by the electorate, to provide children's services within the unincorporated and incorporated areas of the county, provided the governing bodies of the incorporated areas approve.
RAB/tjw
[1] Section 30, Ch. 90-288, Laws of Florida.
[2] Section 125.901(1)(a), F.S., sets forth the composition of the governing body of a district while s.125.901(2)(b), F.S., prescribes the duties and responsibilities of the council on children's services.
[3] Staff Analysis and Economic Impact Statement on CS/HB 921 and 905, Committee on Education, Florida House of Representatives, dated June 28, 1990. Although CS/HB 921 and 905 died at the end of the session, the complete text of the committee substitute was amended into CS/HB 931 on the floor and was later included in the enrolled CS/HB 931, enacted as Ch. 90-288, Laws of Florida. See also, Staff Analysis and Economic Impact Statement on CS/HB 921 and 905, Committee on Finance and Taxation, Florida House of Representatives, dated May 21, 1990.
[4] Section 125.01(5)(a), F.S. And see, s.125.01(5)(c), F.S., which provides in part that "[i]t is the further intent of the Legislature that a special district created under this subsection include both unincorporated and incorporated areas of a county and that such special district may not be used to provide services in the unincorporated area only."
[5] Section 125.01(5)(b), F.S. The basis for apportionment is to be set forth in ordinance creating the district.
[6] See, s. 125.01(5)(c), F.S., providing:
It is declared to be the intent of the Legislature that this subsection is the authorization for the levy by a special district of any millage designated in the ordinance creating such a special district or amendment thereto and approved by vote of the electors under the authority of the first sentence of s. 9(b), Art. VII of the State Constitution. . . .
[7] Compare, AGO 91-25 stating that the provision for county prisoners is a county function, not a municipal function, and, therefore, the creation of a special district under s.125.01(5), F.S., would not appear to be authorized.